RD 12/2/19 JT

TRULINCS 10365265 - LEONARD, RAYMOND - Unit: BRO-H-C

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 26 2019 ★
BROOKLYN OFFICE

November 5, 2019

Honorable William F. Kuntz II
Judge, U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Subject: Dismissal of Indictment (United States v. Raymond Leonard; Case No: 19-cr-365)

Honorable Judge Kuntz:

I write this to bring Your Honor's kind attention to the failure of both government's counsel and defense attorney's disclosure to the court that the indictment in my case is defective.

Your Honor, I was charged for illegal reentry offense after being deported for an "aggravated felony" under Title 8 USC Section 1326(a) and 1326(b)(2). But, for over two months, both government's counsel and my attorney have discovered that I was NEVER convicted of aggravated felony. And rather than informing the court about this error and moving for dismissal of the indictment, I was presented with a plea and to waive the "superseding Indictment" in my case.

I have requested my appointed counsel to move for dismissal of the indictment on number of occasions. See Exhibit A through E (email communications between me and counsel). But it appears that counsel is engaging in delay tactics in order to provide government to correct it's error and possibly obtain a second indictment against me. I have explained counsel all the relevant immigration law proving that my previous deportation order was unlawful. See Exhibits A-E.

I request Your Honor to order the government to prove the validity of current indictment and direct my counsel to file appropriate Motions for Dismissal and for my release pending disposition of the case. If the counsel does not want to file these motions, I request Your Honor's permission to file one in a pro se capacity. I also request Your Honor to direct the clerk of court to place this letter and exhibits in public docket as I agree to waive attorney-client privilege in these exhibits.

I thank Your Honor for personal consideration in this matter.

Respectfully Submitted,

Raymond Leonard
Reg. No: 10365-265
MDC Brooklyn, NY 11232.

TRULINCS 10365265 - LEONARD, RAYMOND - Unit: BRO-H-C

EXHIBIT A

(Page 1 of 2)

---

FROM: 10365265
TO: Olivera, Leticia
SUBJECT: Request for urgent consideration...
DATE: 10/14/2019 03:18:02 PM

Ms Leticia,

Since the government changed the plea agreement with max from 20 to 10 years, I've been researching the law regarding my legal case. It is now evident that my prior conviction is NOT an "aggravated felony" based on the recent Supreme Court ruling and that my previous deportation proceedings was completely illegal.

I request you to immediately file a motion to dismiss the indictment under Fed.R.Crim. P. 12 to the district court or in an alternative please file for an immediate bail hearing. I am summarizing the legal argument below for your consideration. Please let me know your thoughts in this matter immediately.

Thank You so much.

Raymond

==========================================================================================

I. BACKGROUND OF MY CASE

I was convicted on February 14, 1995 for Attempted assault in Second Degree in violation of NY Penal Law 120.05 and 110 (attempt). The case was in Queens County Supreme Court; Indictment No. 3314-94. My plea was a general plea without any specific subsection on 120.05 and as a Class E Felony (which carries 1 to 4 years), my sentence was 18 months to 3 years. But, I served only 6 months and 20 days of this sentence before I was paroled. In 1996, i did another three months in custody for parole violation in this case.

The INS removal proceedings were started in 1997, which I contested for ensuing years. I believed that I have a claim of derivative citizenship through my parents. But due to ill-advise and ineffective counsel, I was finally deported in 2010. I arrived in United States at the age of 12 in 1982 and I have no family in Guyana (my place of birth). My wife and kids are United States citizens and have lived in New York.

II. STRUCTURE OF NY PENAL CODE 120.05 (Second Degree Assault)

Under New York Penal law section 120.05, a person can be guilty of assault for violating any of the 14 subsections. Not only it involves intentional conduct, but a number of subsections also involve "recklessness" and acts of "omissions" (where a person has a duty to act and failed to do so). See People v. Miranda. 204 A.2d 575 (2nd Dept 1994); People v Gladden, 462 NYS2d 115 (NY Sup Ct 1983)(setting forth assault convictions by "an omission or a failure to act"). The Federal courts have also ruled that NY Penal Law 120.05(1) cannot be categorically a "crime of violence" due to statute's inclusion of acts of omissions. See Grant v. United States, No. 06-cr-732, 2017 US Dist LEXIS 103868 (EDNY, July 5 2017); United States v. Poindexter, No. 97-cr-0079, 2016 US Dist LEXIS 154589 (ED Va Nov 7, 2016). For example subdivisions (3), (4), (5) and (6) include recklessness, accidental and unintentional conduct and a person can be convicted of second degree assault without using, attempting to use, or threatening to use any physical force.

III. COURTS HAVE JURISDICTION UNDER 8 USC 1326(d) TO REVIEW PRIOR CONVICTION

While 8 USC1326(a) criminalizes the entry, attempted entry or presence of a deported or removed alien in the United States, the Subsection 1326(d) also affords an alien the ability to defend against the charge of illegally entering the United States following deportation by challenging the validity of the underlying deportation order on which the charge is predicated. See United States v. Scott, 394 F.3d 111, 116 (2nd Cir 2005); ass also United States v. Copeland, 376 F.3d 61, 66 (2nd Cir 2004); see also United States v. Gonzales-Roque, 301 F.3d 39, 45 (2nd Cir 2002)("a defendant may collaterally attack an order of deportation on due process grounds where ... the order becomes an element of criminal offense.").

The statute provides that, in order for a defendant to collaterally attack deportation order successfully, and thereby the underlying offense of illegal reentry, he must demonstrate that (1) any available administrative remedies have been exhausted; (2) he was improperly deprived of the opportunity for judicial review at the judicial proceeding at which the order was issued;

---

and (3) the entry of the order was fundamentally unfair. 8 USC Section 1326(d). To satisfy the third requirement, the defendant must show "both a fundamental procedural error and prejudice resulting from that error." United States v. Cerna, 603 F.3d 32, 40-41 (2nd cir 2010). Although the Second Circuit declined to "state the quantum of proof necessary for an alien to succeed in his demonstration of prejudice on collateral review," the Court has suggested that a showing that there was a reasonable likelihood that an alien would not have been deported or a plausible showing of such might be sufficient. See United States v. Fernandez-Antonia, 278 F.3d 150, 159-60 (2nd Cir 2002).

The federal courts in Second Circuits have allowed dismissal of indictments based on defendant's challenges to the deportation orders as fundamentally unfair under 8 USC Section 1326 (d). See United States v. Gill, 748 F.3d 491 (2nd Cir 2013); United States v. Lopez, 445 F.3d 90 (2nd Cir 2004); United States v. Brown, 354 F.Supp.2d 362 (SDNY 2018); United States v. Meza, No. 18-cr-270, 2019 US Dist LEXIS 62716 (EDNY April 11, 2019).

IV. SUPREME COURT'S DECISION IN SESSIONS v. DIMAYA RULES THAT MY PRIOR IS NOT AN AGGRAVATED FELONY

The Supreme Court in Sessions v. Dimaya, 138 S.ct 1204 (2018) invalidated Title 18 USC Section 16(b) as unconstitutionally vague. Under Section 16(b)- the so called as "residual clause" included "any offense that us a felony, and that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing offense." See 18 USC 16(b). Since my prior conviction of NY Penal Code 120.05 was deemed as Aggravated Felony under 18 USC 16(b), it is evident that my deportation was unlawful.

You can see that the current indictment states violation of 8 USC 1326(a) and (b)(2). Subsection (b)(2) states increased punishment for prior conviction of Aggravated felony. The government appears to have knowledge of the Supreme Court's decision in Sessions v. Dimaya and invalidation of my prior conviction, and for that reason, it changed the plea offer of violation of subsection (b)(1) instead of (b)(2) which is charged in the indictment.

V. DUE PROCESS VIOLATIONS IN MY PRIOR DEPORTATION HEARING (INS V. ST. CYR)

In September 1996 (after my completion of state sentence), the United States Congress passed two amendments to the Immigration and Nationality (INS) Act that fundamentally altered the availability of discretionary relief to certain classes of aliens for whom deportation orders had been issued. The IIRIRA and AEDPA repealed former section 212(c) of the INA, 8 USC 1182 (c) thereby eliminating discretionary relief from deportation that was previously available to non-citizens convicted of aggravated felonies and also expanded the definition of "aggravated felony" by reducing the prison sentence required to trigger aggravated felony status from five years to one year. See IIRIRA Section 321(a)(3), 110 Stat 3009-627, codified at 8 USC Section 1101(a)(43)(F).

But in a decision in INS v. St. Cyr, 533 US 289, 326 (2001), the Supreme Court prohibited retroactive application of the 1996 amendments repeal of Section 212(c) discretionary relief to aliens who pled guilty to aggravated felonies prior to 1996. Therefore, that discretionary relief was available to me at all times, but neither the immigration counsel or the judge informed me of my rights to apply for such a relief under section 212(c). The duty of the Immigration Judge to inform an alien of his eligibility for relief is mandatory, and failure to do so constitutes a violation of the alien's due process rights. United States v. Muro-Inclan, 249 F.3d 1180, 1183-84 (9th Cir 2001). Since I can prove that I was not statutorily barred from obtaining relief (as prior to 1996, a conviction of aggravated felony required 5 year sentence -- and I was sentenced only to 18 months - 3 years), I can demonstrate prejudice from such a failure to inform by the Immigration Judge.

VI. INEFFECTIVE ASSISTANCE IN MY PRIOR CONVICTION (PADILLA V. KENTUCKY)

In 2010, the year I was deported from US, the Supreme Court also decided Padilla v. Kentucky, 559 US 356, 369-70 (2010), and held that an attorney's failure to advise a criminal defendant that his guilty plea subjected him to automatic deportation is constitutionally deficient performance under Strickland standard. The Supreme Court observed that the consequences of plea could easily be determined from reading the removal statute, as deportation consequences and presumptively mandatory, and counsel's advise to plea guilty was incorrect. 130 S.ct at 1483.

My counsel did not advise any possible collateral consequences for my plea in state case. I would have never pled guilty if I was told that pleading guilty would result in a sentence of exile away from my family and kids. The proceedings involving my deportation was a result of this ineffective assistance of counsel.

TRULINCS 10365265 - LEONARD, RAYMOND - Unit: BRO-H-C

EXHIBIT B
(page 1 of 1)

---

FROM: 10365265
TO: Olivera, Leticia
SUBJECT: Follow up... [October 17, 2019]
DATE: 10/17/2019 07:00:46 PM

Dear Leticia,

Just to follow up our telephone conversation this morning, I once again reviewed all the criminal discovery and my NCIC report you have provided me, which proves that I was NOT convicted for any Aggravated felony.

Please take notice of pages with Bates# [LEONARD_000100-101] which is the NCIC report. It proves that although I was arrested for several state law violations, the final Disposition was my plea of guilty to Attempted Assault in Second Degree, a class E Felony, "WITHOUT ANY SUBDIVISION." This lack of any subdivision makes it an offense which is not crime of violence.

Additionally, if you further notice, I served the NY State SHOCK Incarceration program and was released in 6 months. If my offense was considered as a violent offense, I would have never been deemed eligible to participate in the SHOCK program for early release. See N.Y. Correct. Law art. 26-1; N.Y. Comp. Codes R. & Regs. Tit 7, part 1800. Even federal SHOCK program disqualifies convicts if they are "serving a term of imprisonment for a crime of violence or felony offense (a) that has an element, the actual, attempted, or threatened use of physical force against the person or property of another, or ... (c) that by its nature or conduct presents a serious potential risk of physical force against the person of property of another." 28 CFR Section 524.31(a)(2-4)(2005). This is exact copy of the text used in 18 USC Section 16 which defines crime of violence.

I request you to immediately file a Motion to Dismiss the indictment in the case. There are plenty of legal authorities which support a dismissal of the indictment. I would be glad to assist you if you have any questions in this matter.

I appreciate your urgent response...

Raymond

TRULINCS 10365265 - LEONARD, RAYMOND - Unit: BRO-H-C

EXHIBIT C
(page 1 of 1)

---

FROM: 10365265
TO: Olivera, Leticia
SUBJECT: Tuesday October 22
DATE: 10/22/2019 01:23:46 PM

Hi Leticia,

If I recollect, my previous lawyer had a dispute in his law firm and has separated from the partners. I don't know who will be in possession of the actual case files. Couldn't you just ask the government to provide you the documents relating to the deportation proceedings?

Also, the copy of the BIA decision you sent me further proves that I was never deported based on any aggravated felony. But it is from 2004, I don't know what the lawyers filed in my case after that decision.

As for bail, my house is worth 600K and is on my name along with my wife. Further you can present to the court that I will NEVER be a risk of flight (when all my flights are into the United States). I have no family anywhere in the world besides United States! I am willing to wear monitoring bracelet and agree to any court imposed conditions of monitoring.

I have researched a lot of law regarding the deportation. And I am sure that none of my 25-35 year old offenses qualify as deportable offenses. Moreover, what I did as a kid should not reflect as to who I am today.

I hope that you understand my position and put all your efforts in fighting this case. Thank you

Raymond
-----Olivera, Leticia on 10/22/2019 10:51 AM wrote:

>

Mr. Leonard,

As I mentioned during our last call, we are still trying to find out the exact basis for your previous deportation and have reached out to your previous immigration counsel. Before advising you on a motion to dismiss, we need to know the exact basis for your previous removal.

We have reached out to your mother and wife regarding a potential bail package. Your wife advised us that she is not willing to sign a bond on your behalf. Please let us know if there is anyone else we can reach out to support your bail package.

Best,

Leticia

RAYMOND LEONARD on 10/21/2019 11:36:03 AM wrote
Hello Leticia,

I was wondering if you have decided not to file a motion to dismiss in my case. I have heard no response from you in the matter.

Please understand that if you are not willing to file the motion, my family would be seeking advice from a different counsel - one who is more aware of immigration laws and is acting in my best interests.

Please let me know your position in this matter. Thank you.

Raymond

TRULINCS 10365265 - LEONARD, RAYMOND - Unit: BRO-H-C

EXHIBIT D
(page 1 of 1)

---

FROM: 10365265
TO: Olivera, Leticia
SUBJECT: October 27, 2019
DATE: 10/27/2019 01:00:44 PM

Hey Leticia,

I was researching the legal cases about deportation and found out that my previous conviction of 1995 (NY Penal law 120.05) does not qualify as deportable offense in BOTH "aggravated felony" definition or "crime involving moral turpitude (CIMT)" definition. I already send you cases about the Aggravated felony in previous email.

The cases about CIMT are:
Zaranska v. USDHS, 400 F.Supp.2d 500 (EDNY 2005)(NY Penal Law 120.05 Subdivisions (3) & (6) are not CIMT);
Singh v. USDHS, 526 F.3d 72 (2nd Cir 2001) (NY Penal Law 120.05(4) is not a CIMT);
Gill v. INS, 420 F.3d 82, 90-91 (2nd Cir 2005) (Same).

Of course, the government bears the burden to prove which subsection applies in my case. But my NCIC reports and conviction records prove that I was not convicted of ANY subdivision. My offense was not considered as violent and was thus put in the NY Department of Corrections SHOCK program for non-violent inmates. I served only 6 months in the program.

I want you to file a motion to dismiss the indictment and also termination of any deportation proceedings based on the legal grounds. You should file this motion even if you don't have all the information about my previous deportation proceedings. Once you challenge the validity of the indictment, it will be the government's burden to prove that the previous deportation proceedings were legally proper.

Please understand that I am currently locked up in prison when the law clearly states that I am not deportable, and my previous deportation proceedings were wrong. Please file this urgent motion to dismiss the indictment so I can go back to my family and work.

Thank you

Raymond

TRULINCS 10365265 - LEONARD, RAYMOND - Unit: BRO-H-C

EXHIBIT E
(page 1 of 2)

---

FROM: 10365265
TO: Olivera, Leticia
SUBJECT: RE: RE: Grounds for Dismissal...
DATE: 11/04/2019 10:46:49 AM

Ms. Olivera,

You are not understanding my position! I am not talking about any "reduced charge." Any charges, reduced or not, will eventually lead to a sentence of my exile to Guyana.

I am asking you to file for a dismissal based on the indictment alleging that my prior was an "aggravated felony" when it was not. (This is not a case where I am charged for a murder and you are getting me a sweeter plea for manslaughter!)

I am asking you to file for a dismissal under 1326(d) to prove that my prior deportation was unlawful, so that I will not be exiled again. And my prior deportation, either based on Aggravated felony or CIMT, both can be proven to be unlawful.

I would appreciate if you send me a copy of my immigration file so I can review it too. Thanks.

Raymond Leonard
-----Olivera, Leticia on 11/3/2019 10:21 PM wrote:

>

Mr. Leonard,

As your defense counsel, there is no reason why I would hide a defect in your indictment from you. You have been offered a plea to a reduced charge, 1326(b)(1). The subsection of that statute applies to those who have been convicted of a felony. You'll notice the subsection lists different types of prior offenses and combinations of prior offenses separated by the word "or."

Isaac received your file from Kerry Bretz and is in the process of reviewing it. We plan to meet with you as soon as he has reviewed the file.

Best,

Leticia

RAYMOND LEONARD on 11/3/2019 7:34:23 PM wrote
Ms. Olivera,

I was going through all the legal paperwork in my case and found the missing piece of puzzle. This was a document you wanted me to sign waiving my "superseding indictment" along with the guilty plea. It conclusively proves that both you and the government knew that my indictment was defective but still wanted me to plead guilty of hypothetical offenses, and at the same time keep it under the cover from the court's knowledge. So let me summarize this puzzle in my case!

On February 13, 2018, US ICE Officer Andrew Steinborn falsely swore in a complaint under oath before Honorable Lois Bloom, USMJ, EDNY, that I was previously deported for an "aggravated felony" and found to be unlawfully present in the United States. With a arrest warrant, the ICE officer arrested me on July 10, 2019 and subsequently transferred me into federal custody on July 18, 2019. Thereafter, the same officer once again swore in front of grand jury and falsely claimed that I was previously deported for an "aggravated felony" and AUSA Andrew Grubin was issued an indictment against me for violation of Title 8 USC 1326(a) & 1326(b)(2).

AUSA Grubin offered first plea (of 0-6 months imprisonment) to me on August 30, 2019 based on the charges in the indictment. But shortly thereafter, you informed me to ignore that plea and that government will be offering a second plea. On Friday, September 27, 2019, you visited me in MDC Brooklyn with the new plea documents and asked me to immediately sign the plea as the change of plea hearing was scheduled on Monday, September 30, 2019. I refused to sign the plea documents without reading them with the aid of my reading glasses at that time.

Specifically, the second plea changed my charged offense from violation of 8 USC 1326(b)(2) (the "aggravated felony" clause) to violation of 8 USC 1326(b)(1) (requiring three or more drug offenses or crimes against person). You also wanted me to sign

---

stipulation for Judicial Removal and a "waiver of Indictment" so that government can cover-up defective indictment and also is excused from seeking a new indictment reflecting this new charge. As you already know now, I have discovered that my previous deportation was unlawful and I was never convicted of aggravated felony as charged in my indictment.

But, what's more amazing to notice is that YOU were informed by the government about the defective indictment for almost 2 months. Still, despite of my repeated requests asking you to move for dismissal of indictment, all you have done is engaged in delay tactics and provided misinformation to me. Now I am requesting you to cease this delay game and file a motion to dismiss in next 2 days. I will NOT be pleading guilty to 8 USC 1326(b)(1) as I have never been convicted of "3 or more drug offenses or crimes against person." I will NOT sign any waiver of superseding indictment and I will NOT sign any further waiver of my Speedy Trial Rights.

Please respond to this email urgently. I would appreciate an honest yes or no answer from you. Once again, if you do not wish to file a motion to dismiss, just let me know, and I will seek other legal remedies. I am now incarcerated for almost 4 months for an immigration case which should in fact be purely civil proceeding.

Sincerely,

Raymond Leonard
-----Olivera, Leticia on 11/1/2019 9:21 AM wrote:

>

Mr. Leonard,

As you know, we have been looking into your grounds for a motion to dismiss. I am planning on visiting you next week to discuss.

Best,

Leticia

RAYMOND LEONARD on 10/31/2019 6:52:53 PM wrote
Ms. Leticia,

I was wondering why I have not received any response from you regarding my request for motion to dismiss! You can see we have legitimate and valid legal grounds for asking the dismissal of the indictment but I don't know why's there a delay or hesitation from your side...

If you are not willing to file one, can you please let me know. In such case, I may have to ask my family to obtain legal assistance.

Thanks

Raymond

RAYMOND LEONARD
REG. NO. 10365-265
MDC BROOKLYN
BROOKLYN, NY 11232




HONORABLE WILLIAM F. KUNTZ II
JUDGE, U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201