MB:ADG
F. # 2018R00322

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -                                         Docket No. <u>19-CR-365 (WFK)</u>

RAYMOND LEONARD,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

<u>MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
THE INDICTMENT</u>

SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

Andrew D. Grubin
Assistant U.S. Attorney
    (Of Counsel)

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................ 3

PRELIMINARY STATEMENT ......................................................................... 5

BACKGROUND ................................................................................................. 6

    I.    The Defendant's Immigration History and Criminal History .......................... 6

    II.   The Defendant's Removal Proceedings and Illegal Reentry ........................... 7

    III.  The Defendant's Current Motion ................................................................... 10

ARGUMENT .................................................................................................... 11

    I.    Legal Standard ............................................................................................. 11

    II.   The Defendant Did Not Exhaust His Administrative Remedies ................... 12

    III.  The Defendant Was Not Deprived of The Opportunity for
          Judicial Review ............................................................................................ 15

    IV.  The Defendant Has Not Demonstrated Fundamental Unfairness ................. 16

CONCLUSION .................................................................................................. 18

TABLE OF AUTHORITIES

Page

FEDERAL CASES

United States v. Johnson,
   No. 3:99-CR-139 (EBB), 2000 WL 620324, at *4 (D. Conn. May 1, 2000) .......................... 14

Blake v. Carbone,
   489 F.3d 88 (2d Cir. 2007) ................................................................................... 9, 10

Gill v. INS,
   420 F.3d 82 (2d Cir. 2005) ...................................................................................... 17

Mendoza-Lopez,
   481 U.S. 828 (1987)................................................................................................. 15

United States v. Cerna,
   603 F.3d 32 (2d Cir. 2010) ...................................................................................... 13

United States v. Copeland,
   376 F.3d 61 (2d Cir. 2004) ........................................................................... 15, 16, 17

United States v. Croitoru,
   306 F. App'x 662 (2d Cir. 2009) ............................................................................. 13

United States v. Daley,
   702 F.3d 96 (2d Cir. 2012) ...................................................................................... 16

United States v. De La Pava,
   268 F.3d 157 (2d Cir. 2001) .................................................................................... 11

United States v. Fernandez-Antonia,
   278 F.3d 150 (2d Cir. 2002) .................................................................................... 11

United States v. Gill,
   748 F.3d 491 (2d Cir. 2014) .................................................................................... 15

United States v. Gonzalez-Roque,
   301 F.3d 39 (2d Cir. 2002) ........................................................................... 12, 13, 15

United States v. Javino,
   960 F.2d 1137 (2d Cir. 1992) .................................................................................. 14

United States v. Johnson,
   391 F.3d 67 (2d Cir. 2004) ................................................................................ 13, 14

United States v. Paredes-Batista,
  140 F.3d 367 (2d Cir. 1998) ........................................................................ 14

United States v. Perez,
  330 F.3d 97 (2d Cir. 2003) ................................................................... 13, 16

United States v. Sosa,
  387 F.3d 131 (2d Cir. 2004) ....................................................................... 15

## FEDERAL STATUTES

8 U.S.C. § 1227 ............................................................................................ 17

8 U.S.C. § 1252(d)(1) .................................................................................. 15

8 U.S.C. § 1326(d) ................................................................... 5, 11, 16, 18

8 U.S.C. § 1326(d)(2) .................................................................................. 15

8 U.S.C. §§ 1326 .................................................................................... 5, 11

8 U.S.C. §§ 1326(a) ............................................................................... 5, 10

## FEDERAL REGULATIONS

8 C.F.R. § 3.38 (1998) ................................................................................ 12

PRELIMINARY STATEMENT

The Court should deny the defendant's motion to dismiss the indictment charging him with illegal reentry in violation of 8 U.S.C. §§ 1326 (a) and (b)(2).

The defendant was removed from the United States by immigration authorities in March 2010 following two New York State felony convictions for crimes involving moral turpitude ("CIMT"):  a 1987 criminal possession of stolen property conviction and a 1995 attempted assault conviction.  The defendant was subsequently found illegally in the United States in September 2017 when he was arrested in Brooklyn for committing narcotics offenses.  On August 13, 2019, a grand jury in the Eastern District of New York charged the defendant in an one-count indictment with illegal reentry after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

On November 18, 2020, the defendant moved to dismiss the indictment by collaterally attacking the administrative order of removal (the "Removal Order") that underlies the instant charge, pursuant to 8 U.S.C. § 1326(d).  (See Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the Indictment ("Def. Mem.")).  The defendant argues that the government should be precluded from using his prior removal as an element of a criminal charge because an alleged error rendered the Removal Order fundamentally unfair.

8 U.S.C. § 1326(d) precludes collateral attack of a removal order in a criminal proceeding unless the defendant:  (1) exhausted his administrative remedies; (2) was denied an opportunity for judicial review; and (3) can demonstrate that the entry of the order was fundamentally unfair.  Id. (emphasis added).  For the reasons set forth below, the defendant has not satisfied any of Section 1326(d)'s prongs.  First, he failed to exhaust his administrative remedies when, following issuance of the Removal Order, he raised on appeal a legal issue entirely different from his instant claims.  Second, the defendant was not denied an opportunity

for judicial review; he simply decided not to take advantage of it.  Third, the defendant has failed

to show that his due process rights were violated.  In sum, the defendant cannot satisfy any

prong, much less all of them.  For these reasons, the Court should reject his motion.

BACKGROUND

I.      The Defendant's Immigration History and Criminal History

The defendant was born in, and is a citizen of, Guyana.  (Def. Mem. at 2).  In

1987, the defendant was living in New York as a lawful permanent resident ("LPR") (See Order

to Show Cause ("OSC"), attached hereto as Exhibit A, at LEONARD_001092)).  Between 1987

and 1996, the defendant was convicted of multiple crimes.  (See Def. Criminal History, referred

to as Exhibit B).[1]

According to the defendant's Pretrial Services Report ("PSR"), in February 1987,

the defendant was convicted in Queens County of criminal possession of stolen property in the

fourth degree, a felony, in violation of New York Penal Law ("N.Y.P.L.") § 165.45, and was

sentenced to five years' probation.  As indicated on page two of the PSR, this conviction was

adjudicated as a "youthful offender,"[2] but in April 1990, his probation was revoked and he was

resentenced to 60 days' imprisonment.

In May 1987, the defendant was convicted of the same offense in Nassau County

and was sentenced to 30 days' imprisonment concurrent with another sentence.  (See Ex. B at

LEONARD_000004; Cert. of Disposition, attached hereto as Exhibit C).  Then, in April 1990,

---

[1] Exhibit B is excerpts from the defendant's criminal rap sheet.  It has been filed as a separate document under seal since it is not public and contains sensitive information.  The defendant has been provided the records in discovery.

[2] Under New York State law, a youthful offender adjudication is not a judgment of conviction for a crime or any other offense.  See N.Y.P.L. § 720.35.

the defendant was convicted in Queens County of criminal mischief, a misdemeanor, in violation of N.Y.P.L. § 145.00, and was sentenced to six months' imprisonment.  (Ex. B at LEONARD_000006, 0037-38).  At approximately the same time, the defendant was convicted in Nassau County of attempted possession of burglar tools, a misdemeanor, in violation of N.Y.P.L. §§ 140.35 and 110, and was sentenced to 90 days' imprisonment concurrent with another sentence.  (Id. at LEONARD_000005).  In July 1990, the defendant was convicted in Nassau County of the unauthorized use of a motor vehicle in the third degree, a misdemeanor, in violation of N.Y.P.L. § 165.05, and was sentenced to six months' imprisonment concurrent with another sentence.  (Id. at LEONARD_000040).  In October 1993, the defendant was convicted in Queens County of the same offense and was sentenced to three years' probation.  (Id. at LEONARD_000045).

In July 1994, the defendant and another individual were arrested and charged by indictment with attempted murder and assault in the first degree with a weapon, among other offenses.  (See State Indictment, attached hereto as Exhibit D).  In February 1995, the defendant pled guilty to attempted assault in the second degree, a felony, in violation of N.Y.P.L. §§ 110 and 120.05, and was sentenced to 18 months to three years' imprisonment.  (See Cert. of Disposition, attached hereto as Exhibit E).[3]

II.   The Defendant's Removal Proceedings and Illegal Reentry

Following the defendant's attempted assault conviction, on November 24, 1995, the Immigration and Naturalization Service ("INS") charged the defendant in an OSC with being subject to removal pursuant to Section 241(a)(2)(A)(ii) of the Immigration and Nationality Act

---

[3] The defendant was convicted of additional crimes, but they occurred after he was ordered removed and are therefore irrelevant to the instant analysis.

("INA"), which provided in pertinent part that an alien convicted, any time after entry, of two CIMTs not arising out of a single scheme of criminal misconduct is deportable.  (Ex. A at LEONARD_001093-95).

The OSC listed seven factual allegations against the defendant:  (1) the defendant was not a United States citizen or national; (2) he was a citizen and native of Guyana; (3) he entered the United States in New York on November 21, 1982; (4) he was admitted as a lawful permanent resident; (5) in March 1987, he was convicted in Nassau County for criminal possession of stolen property in violation of New York law;[4] (6) in February 1995, he was convicted in Queens County of attempted assault in the second degree in violation of New York law; and (7) the aforementioned crimes did not arise out of a single scheme of criminal misconduct.  (Ex. A).[5]  Among other rights, the NTA advised the defendant that he had the right to be represented by counsel and the right to a hearing at which he could present evidence to an immigration judge ("IJ").  (Id.).

The defendant retained counsel, Kerry Bretz and his law firm, for the removal proceedings.  (See Proceeding Transcripts, attached hereto as Exhibit F, at LEONARD_000597).[6]  On February 27, 1997, the defendant had his initial removal proceeding before IJ Elizabeth Lamb.  (Id.).  The matter was adjourned until May 22, 1997.  (Id. at

---

[4] According to the certificate of disposition for the criminal possession of stolen property conviction, the defendant pled guilty in May 1987.  (Ex. C).

[5] During the removal proceedings, the INA added additional charges of deportability.  In summary, the INA further charged the defendant of removability under Section 241(a)(2)(A)(iii), alleging that the defendant's conviction for attempted assault was an aggravated felony.  (Ex. A at 000400).  However, since the Removal Order was not based on this aggravated felony charge, but rather the two CIMT convictions, it is irrelevant to the instant motion.  (See Def. Mem. at 2).

[6] The attached transcripts are excerpted from the full proceedings contained in the defendant's Alien File, which the defendant received in discovery.

LEONARD_000600).  At the May 22 proceeding, the defendant's attorney admitted to the seven

allegations in the OSC and conceded deportability as charged by the OSC, but stated that he

intended to make certain applications for relief from deportability.  (Id. at LEONARD_000605).

At a subsequent proceeding, on July 10, 1997, the defendant's attorney advised the IJ that while

his client admitted to the allegations, he no longer wanted to concede deportability because, he

alleged, the criminal possession conviction was not a CIMT.  (Id. at LEONARD_000610).  The

defendant's attorney also made requests for other means of relief from deportability.  (Id.).  The

IJ set a briefing schedule to determine the defendant's motions.  (Id. at LEONARD_000611-

612).

On September 22, 1997, the defendant's attorney submitted briefing arguing that

the defendants' convictions listed in the OSC were not CIMTs.  (Id. at 00427-31).[7]  On

September 24, 1999, the IJ held a hearing on the defendant's application for a waiver under,

what was then, Section 212(c) of the INA.[8]  (Id. at LEONARD_000649-659).  After several

adjournments, on June 9, 2000, the IJ completed the hearing.  (Id. at LEONARD_000821-826).

After several additional proceedings, on December 17, 2002, the IJ denied the

defendant's Section 212(c) waiver application and ordered him removed to Guyana based on the

charges in the OSC.  (Id. at LEONARD_000870; Removal Order, attached hereto as Exhibit G).

---

[7] The adjudication of the issues raised by this briefing is unclear as the IJ's decision does
not appear in the record.  However, the government assumes the defendant abandoned these
arguments because the IJ stated in her oral decision that the defendant conceded removability;
regardless, the IJ ordered the defendant removed for committing two CIMTs.  (Id. at
LEONARD_000873).

[8] Under former Section 212(c) of the INA, immigrants who were lawful permanent
residents and convicted of certain crimes before 1997 were eligible to apply to an IJ for
discretionary relief from deportation.  See Blake v. Carbone, 489 F.3d 88, 93-98 (2d Cir. 2007)
(providing a comprehensive overview of Section 212(c) relief).

The IJ advised the defendant of his appeal rights.  (Ex. F at LEONARD_000870-871).  The defendant reserved his right to appeal and the IJ indicated that any appeal would be due by January 16, 2003.  (Id.).

The defendant's attorney appealed the IJ's denial of Section 212(c) relief to the Board of Immigration Appeals ("BIA").  (See id. at LEONARD_000990-991).  However, the only issue apparently raised on appeal was the denial of Section 212(c) relief.  (See id.).  The record does not indicate that any challenge was made to the IJ's finding of removability based on the charges contained in the OSC.  (See id.).  On March 1, 2004, the BIA affirmed the IJ's ruling and denied the defendant's appeal.  (Id.).  The defendant remained in the country until he was arrested and removed to Guyana by immigration authorities in 2010.  (Def. Mem. at 3).

Sometime prior to September 8, 2017, the defendant illegally reentered the United States.  On September 18, police arrested the defendant for committing narcotics offenses in Brooklyn.  On August 13, 2019, a grand jury in the Eastern District of New York charged the defendant in an one-count indictment with illegal reentry after removal, in violation of 8 U.S.C. §§ 1326(a) and (b)(2).

III.    The Defendant's Current Motion

On November 18, 2020, the defendant filed the present motion arguing that the 2002 Removal Order was fundamentally unfair because one of the two CIMTs underlying the Removal Order—attempted assault in the second degree in violation of N.Y.P.L. §§ 110 and 120.05—was not a CIMT under the categorical approach.  (Def. Mem. 8-10).  Specifically, the defendant argues that his criminal history records do not indicate to which subsection of Section 120.05 the defendant pled guilty and, therefore, there is no way to determine whether the defendant was convicted for a CIMT.  However, even assuming the defendant correctly applied the categorical approach, the defendant cannot demonstrate any prejudice, as statutorily required,

because he could have simply been removed for his conviction of the other CIMT.  More importantly, the Court need not reach this issue because the defendant never exhausted his administrative remedies nor was deprived of judicial review.  The defendant argues that he should be excused from these statutory requirements because his counsel was ineffective.  As shown below, the defendant is incorrect about these claims, and his motion should be denied.

ARGUMENT

I.     <u>Legal Standard</u>

A defendant charged with illegal reentry in violation of 8 U.S.C. § 1326 may collaterally attack the validity of the removal order that underlies the criminal charge only in limited, enumerated circumstances.  <u>See</u> 8 U.S.C. § 1326(d); <u>United States v. Fernandez-Antonia</u>, 278 F.3d 150, 157 (2d Cir. 2002).  The dismissal of an indictment is an "extraordinary remedy reserved only for limited circumstances implicating fundamental rights."  <u>United States v. De La Pava</u>, 268 F.3d 157, 165 (2d Cir. 2001) (internal quotation marks omitted).

A defendant is precluded from seeking to dismiss an indictment on the basis of a collateral attack unless he can demonstrate that:  (1) he has "exhausted any administrative remedies that may have been available to seek relief against the order;" (2) "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review;" and (3) "the entry of the order was fundamentally unfair."  8 U.S.C. § 1326(d).  These requirements are "conjunctive," and, as such, a defendant must establish all three in order to successfully challenge a deportation order.  <u>Fernandez-Antonia</u>, 278 F.3d at 157.

11

II.     The Defendant Did Not Exhaust His Administrative Remedies

The defendant failed to exhaust his administrative remedies.  He had multiple options available to him to contest the charges in the OSC had he desired to do so.  Initially, the defendant had the right to appeal the IJ's Removal Order to the BIA within 30 days and argue that one or both of his prior convictions were not for CIMTs.  See 8 C.F.R. § 3.38 (1998).  Although the defendant appealed the IJ's refusal to grant him Section 212(c) relief, he did not appeal the IJ's findings that he was deportable based on the charges in the OSC.

The Second Circuit has held that to satisfy Section 1326(d)'s exhaustion requirement, a defendant's appeal to the BIA must have raised the issue he or she later raises when collaterally attacking the indictment.  See United States v. Gonzalez-Roque, 301 F.3d 39, 46-49 (2d Cir. 2002).  In Gonzalez-Roque, a defendant collaterally attacked his illegal reentry indictment by arguing that the prior underlying removal order was fundamentally unfair because, during his removal proceedings, the IJ rejected his request for an adjournment that the defendant claimed he needed to pursue an adjustment of his immigration status.  Id. at 43.  While the defendant filed an appeal with the BIA, he raised an unrelated issue rather than the alleged due process violation stemming from the IJ's refusal to grant his requested adjournment.  Id.  In affirming the district court's decision to deny the defendant's motion to dismiss the federal indictment, the Second Circuit explained:

> The fact that a possible adjustment of status had been discussed in the hearings before the IJ does not mean that the issue was also raised on appeal.  Although the BIA has access to the entire record, it is not obligated to search it for possibly meritorious appellate issues. . . .  Section 1326(d)(1) placed the responsibility for raising the adjustment of status issue on Gonzalez–Roque, not on the BIA. . . . More importantly, had the BIA been afforded the opportunity, it could have corrected any prejudicial errors.  Permitting § 1326(d)(1)'s exhaustion requirement to be satisfied by mere submission of the administrative record to the BIA is inconsistent with the statute and, as a practical matter, would eviscerate the requirement.

Id. at 47 (internal citations and quotations omitted).

   Here, similarly, the defendant appealed the IJ's decision not to grant him Section 212(c) relief from removal, but conceded his removability for having sustained two convictions for CIMTs.  Generally, a defendant's decision not to fully exercise his appeal rights constitutes a failure under Section 1326(d) to exhaust his remedies.  See United States v. Croitoru, 306 F. App'x 662, 664 (2d Cir. 2009); United States v. Johnson, 391 F.3d 67, 75–77 (2d Cir. 2004).

   The defendant argues that he should be excused from satisfying Section 1326(d)'s exhaustion requirement because his attorney was ineffective for two reasons:  (1) the attorney failed to object to the OSC's inclusion of his criminal possession of stolen property conviction as a CIMT because it was a youthful offender adjudication; and (2) the attorney did not seek habeas review of the IJ's Removal Order.  (Def. Mem. at 4-6).  These arguments are meritless.

   A defendant can be excused from Section 1326(d)'s exhaustion requirement where the defendant demonstrates that his counsel was ineffective and the defendant was prejudiced because of counsel's ineffectiveness.  See United States v. Cerna, 603 F.3d 32, 35 (2d Cir. 2010).  A defendant demonstrates fundamental unfairness by alleging facts sufficient to show that:  (1) competent counsel would have acted otherwise; and (2) the defendant was prejudiced by his counsel's performance.  United States v. Perez, 330 F.3d 97, 101 (2d Cir. 2003).

   The defendant here has not come close to meeting his burden.  The defendant's first argument concerning his youthful offender adjudication seems to confuse his first 1987 criminal conviction for fourth degree criminal possession of stolen property in Queens County (the "Queens Stolen Property Conviction") with his second 1987 conviction for the same offense in Nassau County (the "Nassau Stolen Property Conviction").  While it is true, according to the

PSR, that the Queens Stolen Property Conviction was adjudicated as a "youthful offender," no such indication is made in relation to his later conviction. Indeed, the certificate of disposition for the Nassau Stolen Property Conviction makes clear his judgment constituted a conviction, and he in fact served 30 days' imprisonment concurrent to another sentence. (See Ex. B at LEONARD_000004; Ex. C).

The distinction is important because the OSC specifies that he is being removed in part due to the Nassau Stolen Property Conviction, not the earlier Queens conviction. (See Ex. A at LEONARD_001095 (allegation number five, stating that the conviction was in the "County of Nassau")). The defendant's former immigration attorney cannot be considered incompetent for failing to make a flawed argument. See United States v. Javino, 960 F.2d 1137, 1145 (2d Cir. 1992) (finding that an attorney was not ineffective in declining to advance a defense that would not have prevailed at trial or sentencing).

The defendant's second rationale for why his former immigration attorney was incompetent is conclusory and equally meritless. The defendant argues that his counsel was ineffective for not filing a habeas petition (Def. Mem. at 6), but does not explain what such petition would have been about or why he should have filed one. Certainly, such a conclusory statement without explanation does not meet the high burden of demonstrating ineffective assistance of counsel. Cf. United States v. Johnson, No. 3:99-CR-139 (EBB), 2000 WL 620324, at *4 (D. Conn. May 1, 2000) (since a deportation is a civil, not criminal, proceeding, a defendant has no Sixth Amendment right to counsel before the IJ and, therefore, the effectiveness of an attorney at a deportation hearing "tolerates even greater deficiencies in a lawyer's performance than" in a criminal case); see also United States v. Paredes-Batista, 140 F.3d 367, 376-78 (2d Cir. 1998) (affirming Section 1326 conviction because defendant waived

14

appeal of deportation in telephone hearing where defendant was represented by counsel "however taciturn").

For these reasons, the defendant has failed to meet the first prong required under Section 1326(d), exhaustion of administrative remedies, and his motion to dismiss the indictment should therefore be denied.

III.    The Defendant Was Not Deprived of The Opportunity for Judicial Review

The defendant also failed to seek judicial review of his removal.  To prevail on a motion to dismiss under Section 1326(d), the defendant must demonstrate that "the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review."  8 U.S.C. § 1326(d)(2).  The Second Circuit has held that "judicial review" includes both direct appeal to a federal court and judicial relief by way of habeas corpus.  See United States v. Copeland, 376 F.3d 61, 67–68 (2d Cir. 2004); United States v. Gonzalez-Roque, 301 F.3d 39, 49–50 (2d Cir. 2002).

A defendant's failure to seek judicial relief, however, may be excused where the defendant did not have a "realistic opportunity" to file the petition or where such relief was not "realistically possible."  United States v. Gill, 748 F.3d 491, 504–05 (2d Cir. 2014).  Cases where collateral attack was permitted on those grounds usually related to the short interval between the deportation order and the physical deportation.  See, e.g., Mendoza-Lopez, 481 U.S. 828, 830 (1987) (one day between order and deportation); United States v. Sosa, 387 F.3d 131, 138 (2d Cir. 2004) (less than one month between order and deportation).

These considerations are inapplicable here.  First and most importantly, as established above, the defendant did not exhaust his administrative remedies.  See 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right.").  The defendant could have appealed

15

the IJ's finding of removability to the BIA if he thought that the IJ made a legal error, and then either could have directly appealed any adverse decision to the Second Circuit or filed a habeas petition in the district court.

Second, the defendant has not alleged that he did not have a realistic opportunity to seek judicial review of the IJ's decision, nor could he. The BIA affirmed the IJ's Removal Order in March 2004, and the defendant was not physically removed until 2010. Therefore, the defendant had approximately six years to seek some sort of judicial review.

Finally, as discussed above, the defendant has not demonstrated that ineffective assistance of counsel deprived him of the opportunity for judicial review. Because the defendant was not deprived of an opportunity of judicial review, his motion should be dismissed.

IV.     The Defendant Has Not Demonstrated Fundamental Unfairness

Finally, the defendant has not met the required showing that the Removal Order was fundamentally unfair. The third prong of the analysis of the defendant's motion to dismiss, Section 1326(d)(3), bars a collateral attack on a deportation order unless a defendant can show that the "entry of the deportation order was fundamentally unfair." 8 U.S.C. § 1326(d). To prove "fundamental unfairness," a defendant "must show both a fundamental procedural error and prejudice resulting from that error." Copeland, 376 F.3d at 70 (quoting United States v. Perez, 330 F.3d 97, 104 (2d Cir. 2003)). The defendant "bears the burden of showing that entry of the removal order was fundamentally unfair." See United States v. Daley, 702 F.3d 96, 100 (2d Cir. 2012).

The defendant argues that the Removal Order was fundamentally unfair because he was removed for a crime that was not a basis for removal, that is, attempted assault in the second degree, in violation of N.Y.P.L. § 120.05. Regardless of whether that is correct under a

modified categorical analysis,[9] the defendant clearly was removable and therefore cannot demonstrate prejudice as statutorily required.

Pursuant to Section 241(a)(2)(A)(i) of the INA, a defendant is removable of a CIMT (1) committed within five years of the date of admission and (2) that was crime for which a sentence of one year or longer may be imposed.  8 U.S.C. § 1227.  Even assuming the attempted assault was not a CIMT, as demonstrated above, the Nassau Stolen Property Conviction was a felony for which the defendant was convicted within five years of his admittance as an LPR.  (See Ex. A at LEONARD_0001092, 1095).  Simply put, the defendant could have been removed from the country even if the OSC included one CIMT rather than both.  Therefore, the defendant cannot demonstrate any prejudice stemming from the alleged error.  Copeland, 376 F.3d at 70.

For these reasons, the defendant has failed to show that the Removal Order was fundamentally unfair.

---

[9] The government acknowledges that Section 120.05 might not always be a CIMT, see Singh v. Gill v. INS, 420 F.3d 82, 90-91 (2d Cir. 2005) (finding that certain subsections of Section 120.05 not CIMTs), and that the certificate of disposition fails to denote a subsection (Ex. E).  While the government does not concede the issue, it submits that its resolution is unnecessary for the reasons stated below.

<u>CONCLUSION</u>

The defendant has failed to satisfy his burden as to all three of the criteria for collateral attack under 8 U.S.C. § 1326(d).  Therefore, the Court should reject the motion to dismiss.

Dated:      Brooklyn, New York
            February 19, 2021

                                        SETH D. DuCHARME
                                        Acting United States Attorney
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, New York 11201

                          By:     /s/ Andrew D. Grubin
                                  Andrew D. Grubin
                                  Assistant United States Attorney
                                  (718) 254-6322