UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
UNITED STATES OF AMERICA,

                                                      **MEMORANDUM OF LAW**

    -against-

                                                      19 Cr. 365 (WFK)

RAYMOND LEONARD,
           Defendant.
---------------------------------------------------x

**RAYMOND LEONARD'S REPLY TO GOVERNMENT
RESPONSE TO MOTION TO DISMISS THE INDICTMENT**

                                                             Thomas F.X. Dunn, Esq.
                                                             Attorney At Law
                                                             for Raymond Leonard
                                                              Defendant
                                                              225 Broadway
                                                              Suite 1515
                                                              New York, N.Y. 10007
                                                              (212) 941-9940
                                                              thomasdunnlaw@aol.com

**Raymond Leonard's Reply to Government's Response**

Raymond Leonard submits this reply to the Government's response to his motion to dismiss the indictment. The Government argues that Mr. Leonard failed to satisfy the three prongs of 18 U.S.C. 1326(d) necessary to successfully collaterally attack a removal order. Mr. Leonard submits he has satisfied each prong.

A collateral challenge may be effectuated by filing a motion to dismiss the indictment. A defendant must satisfy all three prongs to prevail in a challenge of the *States v. Fernandez-Antonia*, 278 F. 3d 150, 157 (2d Cir. 2002). However, some prongs may be presumed or excused; for instance, an invalid appeal waiver may excuse a failure to exhaust administrative remedies by appealing. *United States v. Sosa,* 387 F.3d 131, 136-38.

The government seems to concede that Mr. Leonard's deportation was based on two crimes involving moral turpitude and that the deportation was not based upon an aggravated felony as alleged in the indictment under 8 U.S.C. 1326(b)(2). The government also agrees that the 1995 New York Penal Law Section 110/120.05 conviction for attempted assault is categorically not an aggravated felony.

In the first instance Mr. Leonard submits that since he was sixteen at the time of the youthful offender adjudication for Possession of Stolen Property in the Fourth Degree that his attorney should have challenged it, since he was a juvenile. This failure to make that argument established that the lawyer was not competent. The government asserts that Mr. Leonard's youthful offender adjudication of a 1987 Nassau County charge of Criminal Possession of Stolen Property in the Fourth Degree, which resulted in a thirty

1

day sentence, was a crime involving moral turpitude that could serve as a basis for deportation. Under 8 U.S.C. 1227(a)(2)(A)(i) provides removability of a defendant who (1) commits a crime involving moral turpitude within five years of the date of admission and (2) for which the sentence of one year or longer *may be imposed.* (Emphasis added)

This statutory text quoted by the government is inapplicable in Mr. Leonard's case. This text was added through section 435(b) of the Illegal Immigration Reform and Immigrant and Responsibility Act, 110 Stat. at 1274, on April 24, 1996, and became effective after 180 days of that enactment. Prior to this change in text, the statute required that "sentence of confinement must be for a year or more." *See An Ma Peng v. Holder,* 673 F. 3d 1248,1252 (9th Cir. 2011). The government correctly notes that Mr. Leonard received a thirty day sentence.

Since Mr. Leonard's deportation proceedings started on November 24, 1995, with the issuance of an Order to Show Cause, the later amendment in the law cannot be applied to his case. *See, Okoro v. INS,* 125 F. 3d 920, 923, n.5 (5th Cir. 1997) (Since deportation proceedings were initiated against the defendant prior to April 24, 1996, the pre-section of 435(b) version applies); (*citing Pichado v. INS,* 104 F. 3d 756, 758-59 (5th Cir. 1997). The Bureau of Immigration Affairs has itself held that this new section does not apply in cases where deportation proceedings were initiated before April 24, 1996.

The government cannot rely on this Nassau County adjudication alone to argue that Mr. Leonard's deportation was correct, since the immigration judge did not rest the decision solely on that conviction. The immigration judge considered the two crimes involving moral turpitude argued by the government and Mr. Leonard was not actually

2

deported under only one crime of moral turpitude, but the judge's decision was based on two crimes of moral turpitude. If one of the convictions was invalid for deportation then the deportation order was itself unlawful. This clearly is the case.

As set forth Mr. Leonard was 16 years old at the time of the Queens County case and Nassau County Criminal Possession of Property case. In both cases he received Youthful Offender treatment. The INS has long held that findings of juvenile delinquency are not convictions for immigration purposes. *See, In Re Devison-Charles*, 22 I & N Dec 1362 (BIA 2000) (comparing juvenile delinquencies with Federal Delinquency Act, 18 U.S.C. 5031 *et seq. Also see, Wallace v. Gonzalez*, 463 F. 3d 135, 138 (2d Cir. 2006) (the youthful offender is not a conviction for immigration purposes, but may be considered for the adjustment of status).

The government agrees that the Second Circuit has held ineffective assistance of counsel can satisfy the requirements of 1326(d) that requires an exhaustion of administrative remedies, deprivation of judicial review and fundamental unfairness. *See, United States v. Cerna, 603 F.3d, 32, 35* (2d Cir. 2010).

The failure by Leonard's attorney to contest the Nassau county case and to assert that as a 16 year old Leonard received a youthful offender adjudication establishes that his attorney provided ineffective counsel. The youthful offender adjudication should not have been used against Mr. Leonard since he was sixteen years old. Immigration courts have held that juvenile convictions are not convictions for immigration purposes.

Here, competent immigration counsel would not have mistaken the law concerning a youthful adjudication upon conducting minimal research on the subject.

3

*See, United States v. Lopez-Chavez*, 757 F.3d 1033, 1042-43 (9th Cir. 2014)(finding ineffective assistance of counsel in a deportation proceeding where counsel failed "to do the minimal research" that would have led to the conclusion of an "open issue" for removability). In an era where courts generally employ a categorical approach to determine whether a state offense results in a youthful offender adjudication a competent immigration counsel would have been aware of, or would have been able to ascertain quickly that this was pertinent.

Leonard's lawyer failed to act and petition the Court for a review. This prevented Mr. Leonard in taking advantage of a review of his appeal. *United States v.* Lopez, 443 F. 3d 90, 96 (2d Cir. 2006)(quoting *United States v. Copeland,* 376 F. 3d 61, 68 (2d. Cir. 2004.) The failure establishes the ineffectiveness of his counsel. It should not be held against Mr. Leonard that he failed to exhaust his administrative remedies. When "defects in the administrative proceeding otherwise foreclosed judicial review," such review may not be realistically available. *Id*. Ineffective assistance of counsel under the fundamental unfairness prong of 1326(d)(3) may serve as a ground for a court to excuse a defendant's failure to exhaust his administrative remedies and seek judicial review.

The defendant was prejudiced by his counsel's errors. The Court must consider whether it is reasonably probable that, but for Immigration counsel's unprofessional errors, the result of the proceedings would have been different. *See, United States v. Williams*, 733 F.3d 448, 455 (citing *Cerna*, 603 F. 3d at 40-41). The court concluded that unprofessional errors.

"[P]rejudice' in the context of section 1326(d) is shown where there is a

4

probability that, but for counsel's unprofessional errors, the result would have been different." *United States v. Copeland,* 376 F. 3d 61, 73 (2004) (quoting *Strickland v. Washington*, 466 U.S., 694 (1984). "As the Supreme Court defined it 'a reasonable probability is a probability sufficient to undermine confidence in the outcome."

To demonstrate prejudice, a removable person must establish that "absent the procedural errors, he would not have been removed." *United States v .Ferbandez-Antonia*, 278 F. 3d 150, 159 (2d Cir. 2001). Although the Second Circuit declined "to state the quantum of proof necessary for [a removeable person] to succeed in his demonstration of prejudice on collateral review," the Circuit has suggested that a showing that there was a reasonable likelihood that a removable person would not have been deported or a plausible showing of such might be sufficient. *Id*. At 159-60. In determining whether there is a reasonable probability that Mr. Leonard would have succeeded on appeal of his deportation order, the Court must consider the information available to immigration counsel at the time. *Cerna*, 603 F. 3d at 41.

Here, the facts support a finding that the defendant was not convicted of two crimes involving moral turpitude as required for removal under 8 U.S.C. section 237(a)(2)(A)(ii). The defendant has demonstrated prejudice because there is a reasonable probability that Mr. Leonard would have been victorious had counsel properly concluded that the notice to appear was facially deficient.

Accordingly, Mr. Leonard has demonstrated that the removal proceeding was fundamentally unfair pursuant to 1326(d)(3).

## Conclusion

For the foregoing reasons the indictment should be dismissed.

Dated: March 25, 2021
New York, New York

                                          Respectfully submitted,
                                                  /s/
                                          Thomas F. X. Dunn

Cc: Andrew Grubin Esq.
    Assistant U.S. Attorney
    (by ECF)