UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.                                                            **MEMORANDUM & ORDER**
                                                                     19-CR-365 (WFK)

RAYMOND LEONARD,

                Defendant.
------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:** Raymond Leonard ("Defendant"), a Guyanese national, was convicted of attempted assault and criminal possession of stolen property. An immigration judge determined Defendant was deportable and ordered him removed. Thereafter, Defendant reentered the United States without permission and was charged by Indictment with Illegal Reentry under 8 U.S.C. §§ 1326(a) and 1326(b)(2). Pending are Defendant's motions to dismiss the Indictment, both of which claim the underlying removal order was defective. For the following reasons, the Court denies the motions in their entirety.

## BACKGROUND

### I. Early Criminal History

Defendant is a citizen and national of Guyana. Compl. ¶ 2, ECF No. 1; Def. Mem. at 2, ECF No. 33. After entering the United States on November 21, 1982, he eventually became a legal permanent resident and moved to New York. *See* Gov't Mem. at 6; *see id.* Ex. A, ECF No. 38-1.

In February 1987, when Defendant was 16 years old, he was charged in Queens County, New York of criminal possession of stolen property in the fourth degree, a felony, in violation of New York Penal Law ("NYPL") § 165.45. Gov't Mem. at 6. Due to his age, Defendant was adjudicated as a "youthful offender" under NYPL § 720.10. *See id.* That provision permits qualifying individuals between the ages of 16 and 19 to receive an informal adjudication in place of being convicted of a crime. *See Murphy v. Costello*, No. 10-CV-3909 (JG), 2011 U.S. Dist. LEXIS 7310, at *22-23 (E.D.N.Y. Jan. 26, 2011) (Gleeson, J.); *see also* NYPL §§ 720.20 &

1

720.35(1). The state court determined Defendant was eligible to be adjudicated as a youthful offender and sentenced him to five years of probation.[1] *See* Gov't Mem. at 6.

That same year, Defendant was again charged with the same offense in Nassau County. *Id.* He pled guilty on March 16, 1987. *Id.*; *see id.* Ex. C (certificate of disposition). But because Defendant had "previously been adjudicated as a youthful offender following conviction of a felony" for his February 1987 offense, Defendant no longer qualified as a youthful offender under NYPL § 720.10(2)(c) and was sentenced to 30 days of imprisonment. *See id.*; *see also id.* Ex. B, ECF No. 38-2.

Defendant was also convicted of criminal mischief, a misdemeanor, in violation of NYPL § 145.00 in April 1990. *Id.* at 6-7. For this offense, Defendant was sentenced to six months of imprisonment. *Id.* at 7. He was also convicted of attempted possession of burglar tools, a misdemeanor, in violation of NYPL §§ 140.35 and 110, and sentenced to 90 days of imprisonment. *Id.* In July 1990 and October 1993, Defendant was twice convicted of unauthorized use of a motor vehicle in the third degree, a misdemeanor, in violation of NYPL § 165.05. *Id.* For the first offense, Defendant was sentenced to six months of imprisonment; for the second, he received three years of probation. *Id.*

In July 1994, Defendant and another individual were arrested and charged with attempted murder in the first degree with a weapon, robbery in the first and second degrees, assault in the first degree, and criminal possession of a weapon in the fourth degree. *Id.* at 7; Gov't Mem. Ex. D, ECF No. 38-4. In February 1995, Defendant pled guilty to a reduced charge of attempted

---

[1] In April 1990, Defendant's probation was revoked, and he was resentenced to 60 days of imprisonment. Gov't Mem. at 6.

2

assault in the second degree, a felony, in violation of NYPL §§ 110 and 120.05 and sentenced to 17 months to three years of imprisonment. *Id.* at 7.

## II. Immigration Proceedings

Following his conviction for attempted assault, the Immigration and Naturalization Service ("INS") charged Defendant with being subject to removal under Section 241(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"). Gov't Mem. at 7-8. Under this provision, an alien who is convicted, at any time after entry, of two crimes involving moral turpitude ("CIMT") not arising out of a single scheme or criminal misconduct may be deported from the United States. *Id.* at 8. The INS alleged Defendant was removable because he was convicted of two such CIMTs: his May 1987 Nassau County conviction for criminal possession of stolen property in the fourth degree, and his February 1995 conviction for attempted assault in the second degree. *Id.* On January 6, 1998, the INS issued an additional charge against Defendant, alleging he was also removable under INA § 241(a)(2)(A)(iii) because he had been convicted of an aggravated felony. Def. Mem. at 8 n.5; *see id.* Ex. A.

To represent him in his immigration proceedings, Defendant hired Kerry Bretz and his law firm as counsel. *Id.* At a proceeding on May 22, 1997, defense counsel admitted to the INS's allegations and conceded his client's deportability, but stated he nonetheless intended to apply for relief. *Id.* at 9. At a later hearing, defense counsel retracted his concession concerning his client's deportability and, on September 22, 1997, submitted briefing arguing that the Defendant's convictions were not CIMTs. *Id.* He also applied for a waiver under then-Section 212(c) of the INA, which permitted lawful permanent residents convicted of certain crimes to apply to an immigration judge for discretionary relief from deportation. *Id.*

3

After holding a hearing, the immigration judge denied Defendant's request for Section 212 relief, determined that his two convictions were CIMTs, and ordered him removed to Guyana based on the INS's allegations.[2] *Id.* The immigration judge advised Defendant of his appeal rights, and Defendant reserved his right to appeal. *Id.* at 10.

Defense counsel appealed the immigration judge's denial to the Board of Immigration Appeals ("BIA"). *Id.* The only issue raised on appeal concerned the immigration judge's denial of Section 212 relief—not whether the underlying convictions constituted CIMTs. *Id.* On March 1, 2004, the BIA affirmed the immigration judge's ruling and denied the appeal. *Id.* Defendant remained in the United States until he was again arrested and removed to Guyana by immigration authorities in 2010. *Id.*

### III. Current Charge

Thereafter, Defendant reentered the United States at an unknown date. On or about September 8, 2017, he was arrested in Brooklyn, New York on charges of (1) Criminal Possession of a Controlled Substance in the Seventh Degree, (2) Unauthorized Use of a Motor Vehicle, and (3) Driving While Intoxicated. Compl. ¶ 3. Defendant was released with a pending court date of October 24, 2017. *Id.* When he failed to appear, a bench warrant was issued for his arrest. *Id.*

Meanwhile, law enforcement authorities cross-referenced Defendant's biometric information with his immigration records. *Id.* ¶¶ 4-5. They determined Defendant did not

---

[2] The immigration judge did not rule on the INS's claim that Defendant was removable under INA § 241(a)(2)(A)(iii). *See* Gov't Mem. at 8 n.5; Def. Mem. at 1-2.

request permission from either the United States Attorney General or the Secretary of the Department of Homeland Security to re-enter the United States after his removal. *Id.* ¶ 5.

On August 13, 2019, a grand jury charged Defendant with Illegal Reentry After Removal in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). *See* Indictment, ECF No. 8. He was arraigned on the Indictment on August 20, 2019 and entered a plea of not guilty. *See* Aug. 20, 2019 Minute Entry, ECF No. 9.

On November 21, 2019, Defendant, proceeding *pro se*, filed a motion to dismiss the Indictment. Mot. to Dismiss ("*Pro Se* Mot."), ECF No. 14. He also sought new counsel, claiming the Federal Defender appointed to represent him was ineffective because she believed there was no merit to Defendant's motion. *See* Jan. 21, 2020 Minute Entry. The Court granted Defendant's request for new counsel and, on November 18, 2020, Defendant filed a second motion to dismiss the Indictment. Notice of Mot. to Dismiss, ECF No. 32. The Court addresses both motions below.

## DISCUSSION

### I. Legal Standard

A motion to dismiss the indictment must "satisfy a high standard." *United States v. Mavashev*, No. 8-CR-902 (DLI) (MDG), 2009 U.S. Dist. LEXIS 114550, at *5 (E.D.N.Y. Dec. 7, 2009) (Irizarry, J.) (citation omitted); *see* Fed. R. Crim. P. 12(b)(3)(B). That is because "[a]n indictment . . . need not be perfect, and common sense and reason are more important than technicalities." *United States v. Bustos de la Pava*, 268 F.3d 157, 162 (2d Cir. 2001) (citation omitted). Indeed, "[d]ismissal of an indictment is an 'extraordinary remedy,' reserved only for extremely limited circumstances implicating fundamental rights." *United States v. Sammy*, 763 Fed. Appx. 45, 46 (2d Cir. 2019) (summary order) (citing *Bustos de la Pava*, 268 F.3d at 165).

5

In reviewing a pretrial motion to dismiss, the Court "must accept the Government's factual allegations as true." *United States v. Carnesi*, 461 F. Supp. 2d 97, 98 (E.D.N.Y. 2006) (Spatt, J.) (citing cases).

A defendant may collaterally attack the underlying removal order upon which a charge of illegal reentry is based. 8 U.S.C. § 1326(d). To prevail, the defendant "must demonstrate (1) he exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived him of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *United States v. Jorquera*, No. 19-CR-479 (AMD), 2021 U.S. Dist. LEXIS 218045, at *9 (E.D.N.Y. Nov. 9, 2021) (Donnelly, J.) (citation omitted). All three requirements must be established for dismissal. *United States v. Fernandez-Antonia*, 278 F.3d 150, 157 (2d Cir. 2002) (§ 1326(d) requirements are "conjunctive, and [movant] must establish all three in order to succeed in his challenge to his removal order.").

**II.   Application**

a. <u>Defendant Failed to Exhaust His Administrative Remedies</u>

Defendant argues the removal order is defective because one of two CIMTs that resulted in his removal—attempted assault in the second degree in violation of NYPL §§ 110 and 120.05—was not a CIMT under the categorical approach. That is because, Defendant alleges, his criminal history records do not indicate to which subsection of NYPL § 120.05 Defendant pled guilty and, therefore, there is no way to determine if he pled guilty to a charge that constitutes a CIMT.

But Defendant never raised this claim in his appeal to the BIA. The only issue on appeal concerned the immigration judge's denial of Defendant's request for Section 212 relief, which

6

the BIA denied. Although Defendant claims he did not raise this claim to the BIA because the record was "incomplete," Def. Suppl. Repl. at 5, ECF No. 55, the record indicates the immigration judge permitted Defendant to fully brief the matter before she issued a decision. Because Defendant failed to exhaust his claims before the BIA, his motion must be denied. *See United States v. Gonzalez-Roque*, 301 F.3d 39, 46-47 (2d Cir. 2002) (affirming dismissal of collateral challenge to the indictment where defendant's "appeal to the BIA failed to raise any of the arguments he raised before the District Court").

Seeking to excuse his failure to exhaust his administrative remedies, Defendant argues his immigration counsel was ineffective. A valid claim for ineffective assistance of counsel may excuse a defendant's failure to exhaust. *See United States v. Abrams*, 360 F. Supp. 3d 141, 151 (E.D.N.Y. 2019) (Weinstein, J.) (citing cases). To be ineffective, "counsel's performance [must have been so] ineffective as to have impinged upon the fundamental fairness of the hearing." *United States v. Makropoulos*, 14-CR-305 (DLI), 2016 U.S. Dist. LEXIS 26357, at *31 (E.D.N.Y. Mar. 1, 2016) (Irizarry, J.) (quoting *Saleh v. United States Dep't of Justice*, 962 F.2d 234, 241 (2d Cir. 1992)). To demonstrate fundamental unfairness, Defendant must show: "1) that competent counsel would have acted otherwise, and 2) that he was prejudiced by his counsel's performance." *Id.* (quoting *United States v. Cerna*, 603 F.3d 32, 43 (2d Cir. 2010)). While "strategic choices made by counsel after a thorough investigation of the facts and law are 'virtually unchallengeable,' tough strategic choices 'made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* (citation omitted).

Defendant argues competent counsel would have objected to the inclusion of his criminal possession of stolen property conviction because he was adjudicated as a youthful

7

offender. Def. Mem. at 4. But he is mistaken. Defendant was indeed adjudicated as a youthful offender in his 1987 conviction for fourth degree criminal possession of stolen property in Queens County. Yet in his second conviction for the same offense—which served as the basis for the immigration judge's removal order—Defendant was ineligible to be a youthful offender. *See United States v. Matthews*, 205 F.3d 544, 547 (2d Cir. 2000) ("the youthful offender statute prohibits granting a youthful offender adjudication to a defendant who has previously received one for a felony conviction" (citations omitted)). This treatment is "determinative," *Savchuck v. Mukasey*, 518 F.3d 119, 122 (2d Cir. 2008) (citation omitted), and counsel is not ineffective for failing to raise a flawed argument.[3] *See United States v. Javino*, 960 F.2d 1137, 1145 (2d Cir. 1992).

Defendant next argues his counsel should have sought habeas review of the removal order, but this claim is equally meritless. Defendant does not provide the Court with any guidance as to whether Defendant has been prejudiced by his counsel's failure to seek habeas relief. Even if he had, Defendant cannot demonstrate any prejudice because, as explained above, Defendant failed to exhaust his administrative remedies, which forecloses habeas review. *See Zambra v. McElroy*, No. 98 Civ. 3515 (MBM), 1999 U.S. Dist. LEXIS 3400, at *5-6 (S.D.N.Y. Mar. 23, 1999) (Mukasey, J.) (dismissing petitioner's habeas claims because he failed to seek review from the BIA).

---

[3] Defendant also argues in his *pro se* motion that the immigration judge should not have considered his earlier 1987 conviction because Defendant was 16 and adjudicated as a "youthful offender." *Pro Se* Mot. at 7. This claim must also be rejected because Defendant failed to raise it in his appeal to the BIA. And as explained above, Defendant was ordered removed based on his second 1987 conviction in Nassau County, for which he was ineligible for youthful offender status. The Court is bound by that determination. *Savchuck*, 518 F.3d at 122 ("Once adjudicated by the state court, either as a juvenile or an adult, [courts] are bound by that determination." (quoting *Viera Garcia*, 239 F.3d at 413).

Because Defendant has not exhausted his administrative remedies and his immigration counsel was not ineffective, he has failed to demonstrate his entitlement to relief under section 1326(d).

### b. Defendant Was Not Deprived of the Opportunity for Judicial Review

Defendant's challenge also suffers from a second fatal flaw: he cannot demonstrate he was deprived of the opportunity for judicial review.

Section 1326(d) requires the Court to determine "whether judicial review was realistically available to [Defendant] – that is, whether defects in the administrative proceedings otherwise foreclosed judicial review." *United States v. Francisco Lopez*, 445 F.3d 90, 96 (2d Cir. 2006). Judicial review is typically foreclosed where a defendant (1) is misinformed about his legal rights, *see United States v. Clinton*, 653 F. Supp. 2d 446, 451 (S.D.N.Y. 2009) (Preska, J.); (2) fails to make a knowing and valid waiver of his right to appeal, *see United States v. Copeland*, 376 F.3d 61, 68 n.6; (3) is removed before he has a realistic opportunity to seek judicial review, *see United States v. Gutierrez-Campos*, No. 21 Cr. 40 (JPC), 2022 U.S. Dist. LEXIS 18908, at *67 (S.D.N.Y. Jan. 31, 2022) (Cronan, J.); or (4) receives ineffective assistance of counsel. *United States v. Meza*, 372 F. Supp. 3d 48, 60 (E.D.N.Y. 2019) (Irizarry, C.J.).

None of these circumstances apply to Defendant. Defendant had ample opportunity to seek judicial review during the 6 years between the BIA's denial of his appeal and his removal. Nor does he allege he was misinformed about his legal rights or raise any issues with his appeal beyond the claims that he failed to properly raise before the BIA. And as explained above, Defendant has failed to demonstrate his counsel was ineffective.

Accordingly, because Defendant has failed to exhaust his administrative remedies or demonstrate that judicial review was not realistically available, his motions are denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motions to dismiss at ECF Nos. 14 and 32.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: July 27, 2022
      Brooklyn, New York